UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| KENNETH TEAGUE, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | No.: 3:19-CV-211-TAV-HBG |
|  | ) |  |
| BLOUNT COUNTY, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

**MEMORANDUM OPINION AND ORDER**

This pro se prisoner's complaint filed under 42 U.S.C. § 1983 is before the Court for screening pursuant to the Prison Litigation Reform Act ("PLRA").

**I.  SCREENING STANDARD**

Under the PLRA, district courts must screen prisoner complaints and shall, at any time, *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. The dismissal standard the Supreme Court set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less

stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). In order to state a claim under 42 U.S.C. § 1983, a plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. *Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990).

## II. ALLEGATIONS OF THE COMPLAINT

Plaintiff complains that the jail is over-populated, with four men being placed in each two-man cell, and that sometimes there are as many as 20 people in a cell during the intake process [Doc. 4 p. 5-6]. Plaintiff states that the inmates in intake are given a matt and blanket at night, but that the items are removed each morning, such that the inmates have to sit on concrete during the day [*Id.*]. He also complains that during the winters, the windows and walls "sweat," which causes black mold to form in the corners [*Id.* at 6]. Plaintiff further asserts that he has glaucoma, and that he went five days without his eye drops on one occasion [*Id.*].

Plaintiff has included the names of 19 other inmates in his complaint, claiming that these individuals "wish to participate" in his claims [*Id.*].

## III. ANALYSIS

As a preliminary matter, the Court notes that none of the other 19 inmates who purportedly wish to join this action signed the complaint. Therefore, they are not plaintiffs in this action, and Plaintiff has no standing to assert the constitutional rights of other prisoners. *See Newsom v Norris*, 888 F.2d 371, 381 (6th Cir. 1989). Accordingly, the merits of the instant complaint will be considered as to Plaintiff only.

Turning to Plaintiff's complaints concerning conditions at the Blount County Jail, the Court notes that "the Constitution does not mandate comfortable prisons." *Rhodes v. Chapman* 452 U.S. 337, 349 (1981). Only "extreme deprivations" that deny a prisoner "'the minimal civilized measure of life's necessities" will establish a conditions of confinement claim. *Hudson v. McMillan*, 503 U.S. 1, 8–9 (1992) (citations and quotations omitted). Prison authorities may not, however, "ignore a condition of confinement that is sure or very likely to cause serious illness and needless suffering the next week or month or year." *Helling v. McKinney*, 509 U.S. 25, 33 (1993). In examining such claims, the court must determine whether the risk of which the plaintiff complains is "so grave that it violates contemporary standards of decency to expose *anyone* unwillingly to such a risk. In other words, the prisoner must show that the risk of which he complains is not one that today's society chooses to tolerate." *Id.* at 36 (1993); *see also Rhodes*, 452 U.S. at 347.

There is nothing in Plaintiff's complaint to suggest that mold or overcrowding in the Blount County Jail violates the Eighth Amendment, as Plaintiff has not alleged that these conditions have actually caused him harm or resulted in the denial of any of his basic needs. *See Wilson v. Seiter*, 501 U.S. 294, 298 (1991); *Rhodes*, 452 U.S. at 345-48. Moreover, as the Court has already noted, Plaintiff cannot assert the constitutional rights of other prisoners. *See, e.g., Newsom*, 888 F.2d at 381. Therefore, these allegations fail to state a claim upon which relief may be granted under § 1983.

Next, the Court considers Plaintiff's claim that he was denied eye drops for five days. The Court notes that a prisoner's constitutional right to medical care is abridged only if officials acted with deliberate indifference to his medical needs. *Estelle v. Gamble*, 429 U.S. 97, 103-04 (1978). The test for establishing deliberate indifference is one of "subjective recklessness as used in the criminal law." *Farmer v. Brennan*, 511 U.S. 825, 839 (1994). Under this standard, a State actor is not liable under § 1983 unless the plaintiff alleges facts which, if true, would demonstrate that the prison official (1) knew that the inmate faced a substantial risk of serious harm; and (2) disregarded that risk by failing to take reasonable measures to abate it. *Farmer*, 511 U.S. at 847.

Plaintiff has not alleged that any policy or custom of the Blount County Jail caused him to go without his eye drops for five days, and absent such an allegation, he cannot state a claim against Blount County for the denial of adequate medical care. *See Monell v. Dept. of Social Serv.*, 436 U.S. 658, 691-92 (1978) (holding municipality liability requires that the action causing constitutional tort be predicated on municipality's policy or custom). Because inadvertence or negligence cannot support an Eighth Amendment claim, the Court finds Plaintiff's bare allegation that he was without eye drops for five days insufficient to state a claim upon which relief may be granted under § 1983. *See Estelle*, 429 U.S. at 105-06 (noting "an inadvertent failure to provide adequate medical care cannot be said to constitute an unnecessary and wanton infliction of pain or to be repugnant to the conscience of mankind" so as to violate the Eighth Amendment).

## IV. CONCLUSION

For the reasons set forth above, the Court finds that Plaintiff has failed to state a claim upon which relief may be granted under § 1983, and this action is **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B).

Further, the Court **CERTIFIES** that any appeal taken from this decision would not be taken in good faith and would be frivolous. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24.

**AN APPROPRIATE JUDGMENT WILL ENTER.**

**IT IS SO ORDERED**.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE